LAZARD FRERES *et cie vs.* WILLIAM L. G. PHETTEPLACE *et al.*

PROVIDENCE—JANUARY 18, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1) *Stockholders Liability.*

The limitation of liability of a stockholder under Gen. Laws cap. 180, § 13, for the debts of a corporation, imposed by Gen. Laws cap. 180, § 1, is matter of defence and need not be negatived in a declaration or bill; and hence the omission of a bill to state that respondents have not paid for their stock up to the par value thereof can not be taken advantage of by demurrer.

(2) *Stockholders' Liability.*

Gen. Laws cap. 180, § 1, imposing liability upon the stockholders for the debts of the corporation, makes no discrimination between original subscribers for stock and those who purchase after issue.

BILL IN EQUITY.　Heard on demurrers, and demurrers overruled.

DOUGLAS, J.　This is a bill in equity brought for the purpose of enforcing liability of stockholders for the debts of the corporation under section 1 of chapter 180 of the General Laws.

The bill alleges that the complainants have obtained judgment against the Phetteplace Olive Oil Importing Company, an incorporated manufacturing company, and that execution has been returned wholly unsatisfied; that the capital stock of said corporation was never fully paid in, and that no certificate was filed as required by section 1 of chapter 180 of the General Laws.

To the bill certain respondents have demurred on the ground that, as the liability of stockholders for the debts of a corporation under section 1 of said chapter 180 is limited by section 13 as amended by chapter 839 to the number of shares paid up to the par value thereof, the bill should allege that the respondents have not paid for their stock up to the par value thereof.

One of the respondents assigns as an additional cause of demurrer that the bill does not allege the respondent to have been an original subscriber for his stock.

We think both these positions are untenable under our statute.

Section 1 of chapter 180 provides as follows: "The members of every incorporated manufacturing company shall be jointly and severally liable for all debts and contracts made and entered into by such company, except as hereinafter provided, until the whole amount of the capital stock fixed and limited by the charter of said company, or by vote of the company in pursuance of the charter or of law, shall have been paid in and a certificate thereof shall have been made and recorded in a book kept for that purpose, in the office of the town clerk of the town wherein the manufactory is established, and no longer, except as hereinafter provided."

Section 13 as amended by chapter 839 is as follows: "The liability of members of an incorporated manufacturing company,

provided by section 1 of this chapter, and of the members of such corporation under other statutory provisions, for the debts of such company hereafter contracted or for obligations hereafter incurred shall be and hereby is limited to the shares of such members in such corporation paid up to the par value thereof."

This limitation of liability under section 1 was first enacted April 20, 1876, Pub. Laws cap. 555, and has remained in force ever since.

(1)    The effect of these two sections as they now stand is, first, to give an action, and secondly, to limit the liability of defendants to such an action. The limitation of the 13th section is matter of defence, and need not be negatived in the declaration or bill. The judgment creditor of the corporation may easily ascertain whether the certificate called for by section 1 has been filed. If it has not, he has a *prima facie* cause of action against the members of the company and may bring his suit against them. If they have neglected the duty to make the certificate, it is not imposing an undue hardship upon such of the members as have paid for their stock in full to plead and prove that fact. The particular payments by stockholders are within their own knowledge and can not be ascertained by a creditor without great and unnecessary labor. The defaulting corporation as a whole is in the wrong, and if any of its members are exempt from the consequences they may justly be called upon to show it.

The form of similar statutes in other States may impose upon the creditor the duty of proving the exact status of the stockholders; but as our law is worded, we do not so construe it. We think the statute contemplates that the creditor may bring his action when the certificate is not filed, and that individual equities are to be presented by the several defendants and adjusted in the trial of the suit.

(2)    The objection that it does not appear in the bill whether the defendants were original subscribers for stock or purchased it after issue is immaterial. The statute makes no such discrimination of responsibility.

The several demurrers are accordingly overruled.

*Tillinghast & Carr*, for complainant.

*Frederick A. Jones, Tillinghast & Murdock, David S. Baker, Edward C. Stiness, Edward D. Bassett, and George H. Raymond*, for various respondents.